J-A19028-23

2024 PA Super 26

| | | |
|---|---|---|
| KENYA MAJOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOEL LAZU CRUZ AND STATE FARM | : | No. 18 EDA 2023 |
| MUTUAL AUTOMOBILE INSURANCE | : | |
| COMPANY | : | |

Appeal from the Order Entered November 28, 2022
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 210201806

BEFORE:   BOWES, J., STABILE, J., and PELLEGRINI, J.[*]

OPINION BY STABILE, J.:                    **FILED FEBRUARY 13, 2024**

Appellant, Kenya Major, appeals from the November 22, 2022 order granting summary judgment in favor of Appellee, State Farm Mutual Automobile Insurance Company ("State Farm").  We affirm.

The parties stipulated to the pertinent facts.  On July 17, 2019, Appellant was the permissive driver of a Kia Sportage that belonged to her mother, Donna Hughes-Major, when Joel Lazu Cruz' car collided into it from behind. Appellant filed suit against Cruz and State Farm, which insured the Sportage and Appellant's own Kia Forte under separate policies.  Cruz had $15,000.00 in bodily injury insurance coverage under his policy, and Appellant accepted that amount in settlement of her action against Cruz.  This case is now

_____

[*] Retired Senior Judge assigned to the Superior Court.

discontinued as to him. Hughes-Major was the named insured on the Sportage policy, which provided $15,000.00 per person in underinsured motorist ("UIM") coverage. Hughes-Major waived stacking of UIM benefits under the Sportage policy. Appellant and Hughes-Major are named insureds on a policy covering Appellant's Kia Forte. The Forte policy provides $100,000.00 in UIM benefits per person. Hughes-Major, the first named insured on the Forte policy, signed a stacking waiver as to UIM benefits under the Forte policy. State Farm paid Appellant $15,000.00 in UIM benefits under the Sportage policy and refused any additional payment.

Procedurally, this matter commenced with Appellant's February 19, 2021 complaint against Cruz and State Farm. On April 13, 2021, State Farm filed an answer, new matter, and counterclaim for declaratory judgment. State Farm sought a declaration that Appellant was entitled to no more than the $15,000.00 State Farm paid under the Sportage policy. On December 6, 2021, State Farm filed a motion for judgment on the pleadings on its declaratory judgment action. The trial court denied that motion by order of February 14, 2022. On March 14, 2022, the trial court approved the parties' stipulation that the only remaining issue in the case was the amount of UIM coverage available to Appellant, and that the issue would be determined based on motions filed by the parties. On August 19, 2022, the parties filed a joint stipulation of facts. State Farm filed a motion for summary judgment on September 1, 2022. State Farm claimed the stacking waiver on the Sportage

policy precluded Appellant from recovering UIM benefits under the Forte policy. State Farm also claimed the household exclusion in the Forte policy precluded Appellant from recovering UIM benefits thereunder. Appellant filed her answer to the motion on October 3, 2022. She claimed her mother's stacking waiver was invalid (an argument she has since abandoned); that the household exclusion was unenforceable; and that the coordination of benefits clause in both policies entitled her to recover $100,000 in UIM benefits under the Forte policy. On November 22, 2022, the trial court entered the order on appeal.

Appellant presents one question with two subparts:

> 1.      Did the trial court commit an error of law in holding that the Coordination of Benefits provision in [Appellant's] State farm polic[ies] did not apply, where two State Farm policies (hers and her mother's) applied to her injuries, and she had expressly contracted for the higher underinsured motorist coverage in her State Farm policy?
>
>> a. Did the trial court commit an error of law in holding that the waiver of stacking in both Donna Hughes-Major's State Farm policy ([Appellant's] mother's policy) and [Appellant's] State Farm policy precluded application of the Coordination of Benefits in [Appellant's] policy?
>>
>> b. Did the trial court commit an error of law in failing to give [Appellant] 'the single highest applicable limit provided by' her State Farm policy, when the Coordination of Benefits clause did not involve stacking but instead moderated the impact of the stacking waiver by allowing the insured to receive the full amount of the coverage that she had bargained for?

Appellant's Brief at 2-3.

"When reviewing the determination of the trial court in a declaratory judgment action, our scope of review is narrow." ***Nationwide Mut. Ins. Co. v. Catalini***, 18 A.3d 1206, 1209 (Pa. Super. 2011). We will set aside the trial court's findings of fact only if they are not supported by the record. ***Id.*** On questions of law, our scope of review is plenary and our standard of review is *de novo*. ***Id.***

To summarize the foregoing, State Farm has paid Appellant the limits of the UIM coverage under the Sportage policy—$15,000.00—and refused to pay more. Appellant claims she should have received $100,000.00 in UIM coverage under the Forte policy. The only issue presently before us is which policy's UIM coverage applies. If the Forte's UIM coverage applies, Appellant is owed an additional $85,000, which would bring State Farm's total payout to the $100,000.00 UIM limit under the Forte policy. Because Appellant has waived stacking, she can only recover under one of the two policies, and the $100,000.00 in UIM coverage under the Forte policy is the maximum she can potentially receive.

On appeal, Appellant has abandoned her challenge to Hughes-Major's stacking waivers. We conduct our analysis accordingly. In our view, there are two policy provisions that potentially implicate Appellant's ability to recover under the Forte policy's UIM provision. One is the coordination of benefits ("CoB") clause:

1. If Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to **you** or any

> ***resident relative*** by one or more of the **State Farm Companies** apply to the same ***bodily injury***, then:
>
> > a. the Underinsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
> >
> > b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. **We** may choose one or more policies from which to make payment.

Sportage Policy, at 27; Forte Policy at 27 (capitalization and emphasis in original).[1] Given that she has abandoned her challenge to the validity of the stacking waivers, Appellant relies exclusively on the CoB clause, arguing that CoB clauses take effect where two policies apply to the same injury and where inter-policy stacking has been waived. She relies on ***Donovan v. State Farm Mut. Auto. Ins. Co.***, 256 A.3d 1145 (Pa. 2021), wherein our Supreme Court considered several questions certified to it by the United States Court of Appeals for the Third Circuit. Most pertinent at this point in our analysis is the ***Donovan*** Court's holding that the insured's stacking waiver was invalid and, therefore, that the CoB clause (identical to the one quoted above) was ineffectual because it applied only where the insured executed a valid stacking waiver. ***Id.*** at 1146-47. That is, CoB clauses essentially enforce and/or mitigate the effect of stacking waivers by providing coverage only up to the higher of two applicable UIM coverage limits. In this case, unlike ***Donovan***,

---

[1] The Sportage and Forte policies appear in the certified record as exhibits to the parties' August 19, 2022 stipulation of facts. The Sportage Policy is exhibit 1. The Forte policy is exhibit 4.

the validity of the insured's stacking waiver is not at issue. The question, therefore, is whether **both** the Sportage and Kia UIM coverages apply to Appellant's injury.

This brings us to the second pertinent policy provision, the Forte policy's household exclusion, which the trial court's opinion[2] and Appellant's brief to this Court do not address:

> THERE IS NO COVERAGE FOR AN **INSURED**[3] WHO SUSTAINS **BODILY INJURY** WHILE **OCCUPYING** A MOTOR VEHICLE **OWNED BY YOU**[4] OR ANY **RESIDENT RELATIVE** IF IT IS NOT **YOUR CAR**[5] OR A **NEWLY ACQUIRED CAR**.

Forte Policy, at 26. "[T]he household vehicle exclusion exempts from uninsured motorist coverage any coverage for bodily injury sustained while occupying a vehicle owned by the named insured [...] the named insured's

---

[2] The trial court found that Appellant's recovery was limited to the UIM coverage under the Sportage policy based on Hughes-Major's stacking waivers. The court therefore perceived no need to analyze the household exclusion. We disagree with the trial court's reasoning but ultimately reach the same conclusion.

[3] "Insured," for purposes of UIM coverage includes, among other things, the named insured or insureds and resident relatives. Forte Policy at 23.

[4] "You" means the named insured or insureds shown on the declarations page. Forte Policy, at 6. As noted above in the main text, Appellant and Hughes-Major are named insureds on the Forte policy.

[5] "Your Car" is a car listed as such on the declarations page. Forte Policy at 7. Thus, in the Forte policy, "Your Car" refers to the Forte.

spouse, or a resident relative of the named insured, but not [a vehicle][6] insured under the policy in question." ***Craley v. State Farm Fire and Cas, Co.***, 895 A.2d 530, 531 n.1 (Pa. 2006). Here, Appellant, a named insured on the Forte policy, was occupying a vehicle, the Sportage, owned by Hughes-Major, a resident relative of Appellant's, but not insured under the Forte policy (i.e., the Sportage is not "**YOUR CAR** OR A **NEWLY ACQUIRED CAR**" within the meaning of the Forte policy). On its face therefore, it appears the household exclusion is plainly applicable.

The ***Donovan*** Court considered the applicability of the household exclusion in similar circumstances. There, the appellee was injured in a collision between his motorcycle, which he owned and insured, and an underinsured vehicle. ***Donovan***, 256 A.3d at 1147. His motorcycle policy provided $50,000 in UIM coverage, but he was also insured as a resident relative under his mother's automobile policy, which provided $100,000 in UIM coverage. ***Id.*** As noted above, the ***Donovan*** Court held that the mother's stacking waiver was invalid. The insurer argued in the alternative that the household exclusion (identical to the one quoted above) prohibited the son from receiving UIM benefits under the mother's policy. Significantly, for

---

[6] Our Supreme Court has addressed the meaning of the household exclusion several times: ***See Prudential Prop. & Cas. Ins. Co. v. Colbert***, 813 A.2d 747, 751–52 (Pa. 2002) (explaining that "This type of exclusion is commonly known as a 'family car exclusion,' as it excludes coverage for an otherwise insured individual when that person is occupying a separately owned vehicle that is not insured under the subject policy.").

present purposes, the **Donovan** Court noted the following in *dicta*:[7] "If valid, the unambiguous language of the household vehicle exclusion would prohibit coverage under [mother's] Policy for [the injured party's] injuries while occupying his motorcycle." **Id.** at 1148. The same is true instantly.

Thus, we must consider whether the household exclusion is valid and enforceable in this case. That question has been the subject of several recent Pennsylvania Supreme Court decisions. In **Gallagher v. GEICO Indem. Co.**, 201 A.3d 131 (Pa. 2019), our Supreme Court held the household exclusion to be unenforceable in a case where the insured elected and paid premiums for stacked UIM coverage on his vehicle and motorcycle policies. The **Gallagher** Court held that the exclusion acted as a *de facto* stacking waiver, in violation of 75 Pa.C.S.A. § 1738, which provides that stacked UIM coverage is the default coverage available to all insureds and prescribes the form of waiver to be signed by an insured who wishes to waive stacked coverage in exchange for a lower premium. **Id.** at 137-38. Likewise, the **Donovan** Court held the household exclusion to be unenforceable in the circumstances of that case, as it would serve as a *de facto* waiver of inter-policy UIM stacking in a case where the insured's stacking waiver was found to be invalid. **Id.** at 1160. But the **Donovan** Court, writing two years after **Gallagher**, wrote that "the household

---

[7] The quoted statement is *dicta* because the **Donovan** Court found the insured's waiver invalid as to inter-policy stacking and, as explained in the main text, in the absence of a valid waiver, the household exclusion cannot be enforced to produce a de facto waiver of inter-policy stacking.

vehicle exclusion is unenforceable **absent** a valid waiver of inter-policy stacking[.]" **Donovan**, 256 A.3d at 1147 (emphasis added). Likewise, in **Erie Ins. Exch. v. Mione**, 289 A.3d 524 (Pa. 2023), our Supreme Court held that household exclusions serve the purpose of preventing "the spiraling costs of automobile insurance in the Commonwealth." **Id.** at 527 (**quoting Eichelman v. Nationwide Ins. Co.**, 711 A.2d 1006, 1010 (Pa. 1998)). The absence of an enforceable household exclusion "would allow an entire family living in a single household to obtain underinsured motorist coverage for each family member through a single insurance policy on one of the automobiles in the household." **Id.**[8] In summary, then the validity and enforceability of household exclusions depends on the circumstances of each case, as explained in **Gallagher**, **Donovan**, and **Mione**.

Presently, because we have valid stacking waivers in place for both potentially applicable policies, the rationale of the **Donovan** and **Gallagher** does not apply. That being the case, the Forte policy's household exclusion

---

[8] In **Eichelman**, the insured declined UIM coverage on his motorcycle policy but sought coverage under policies covering household automobiles. The Supreme Court held that the household exclusions were enforceable despite the insured's election of stacking on one of the two automobile policies. The **Eichelman** Court held that stacking was not at issue in that case because the insured had no UIM coverage under his motorcycle policy and therefore there could be no stacking on top of nonexistent coverage. Rather, the insured was seeking UIM benefits in the first instance under the automobile policies. The household exclusions did not, therefore, serve as *de facto* stacking waivers. **Id.** at 530.

bars coverage of Appellant's bodily injury in this case because the injury occurred while Appellant, a named insured on the Forte policy, was driving a car owned by her mother (a resident relative) but not insured under the Forte policy. And because only the Sportage policy applies to Appellant's injury, the CoB clause in the Sportage policy has no effect.[9]

In the end, our task is to see that insureds receive the coverage they paid for and that the insurers provide the coverage they sold and contractually agreed to provide:

> In enacting the MVFRL, the Legislature intended to reduce consumer costs of motor vehicle insurance while affording an injured party "the greatest possible coverage" for damages sustained. In construing the MVFRL and contractual provisions of an insurance policy that are not in contravention of the statute, we are mindful that the insured is entitled to receive the maximum benefits for which he or she has paid premiums, and the insurer is required to provide coverage to the extent the insured contractually agreed to and paid for such coverage under the terms of the insurance policy. **See Craley**, 895 A.2d at 542; see also **Generette**, 201 A.3d at 138 (stating, "[o]ne of the insurance industries' age-old rubrics ... is that an insured should receive the coverage for which he[, or she,] has paid").

**Backmeier**, 287 A.3d at 946 (some citation omitted).

The Supreme Court in **Donovan** and **Gallagher** held that the household exclusion was unfairly depriving the insured of the stacked coverage that they

---

[9] CoB clauses apply, for example, when an insured is injured as a guest passenger in a vehicle they do not own or insure themselves. **See**, **Erie Ins. Exch. v. Backmeier**, 287 A.3d 931 (Pa. Super. 2022), **appeal denied**, 303 A.3d 421 (Pa. 2023); **Generette v. Donegal Mut. Ins. Co.**, 957 A.2d 1180 (Pa. 2008).

elected and paid for with higher premiums. But here, the insureds did not elect stacking and also elected to carry lower UIM coverage on the Sportage policy than on the Forte policy. That election required a written request that the limit of UIM coverage be lower than the limit of liability coverage on the Sportage policy.[10] Thus, the Forte policy's household exclusion does not deprive the insureds of any coverage they paid for, but rather prevents them from receiving more UIM coverage than was contracted for under the Sportage policy.

For all the foregoing reasons, we conclude that the Forte policy's household exclusion is valid and enforceable in this case. Because the Sportage policy's UIM coverage is the only UIM coverage applicable to the injury Appellant sustained in this case, the CoB clause has no effect. Appellant was not entitled to recover UIM benefits under the Forte policy. We discern no error in the trial court's decision.

Order affirmed.

Judge Pellegrini did not participate in the consideration or decision of this case.

---

[10] Insurers must offer both liability and UIM coverage, and an insured who wishes to reject UIM coverage or have a lower limit for UIM coverage than for liability coverage may make that request in writing. 75 Pa.C.S.A. §§ 1731, 1734; **Blood v. Old Guard Ins.**, 934 A.2d 1218 (Pa. Super. 2007).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/13/2024